**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Crawford, <br><br> Plaintiff, <br><br> v. <br><br> Unknown Tubb, et al., <br><br> Defendants. | No. CV-21-00498-TUC-JCH <br><br> **ORDER** |

Before the Court is Plaintiff's Emergency Ex Parte Motion for TRO.[1] (Doc. 22.) On June 22, 2022, Defendant Tubb[2] filed her Opposition to Plaintiff's Motion for Preliminary Injunction. (Doc. 29.) Plaintiff filed her reply. (Doc. 32.) As explained below, the Court finds Plaintiff's request for preliminary injunctive relief will be denied.

**I.   BACKGROUND**

As alleged in the First Amended Complaint (FAC), Plaintiff is an African American transgender woman[3] who is documented in the Federal Bureau of Prisons (BOP) CMA

---

[1] As explained in its June 8, 2022 Order, the Court construed Petitioner's motion as a motion for preliminary injunctive relief. (Doc. 23 at 4.)

[2] Plaintiff alleges that she is suing Defendant Tubb in both her official and individual capacities. (Doc. 8-1 at 22, ¶ 6.) Defendant Tubb states that a plaintiff may not seek an injunction against an individual defendant acting in her personal capacity. (Doc. 29 at 1, n.1.) Because the Court finds that Plaintiff's claim is moot it does not determine whether the Court may issue injunctive relief against an individual defendant alleged to be acting in her individual capacity.

[3] The Court refers to Plaintiff using her preferred pronouns.

Sentry database[4] as having been diagnosed with gender dysphoria and receiving hormone therapy. (Doc. 8-1 at 4.) She is also documented as a transgender prisoner who has been sexually assaulted in the past. *Id.* Plaintiff alleges that when male officers pat her down, it triggers her gender dysphoria and her prior sexual victimization by males. *Id.* Plaintiff further alleges that USP-Tucson allows transgender prisoners to receive pat down searches by female officers only. *Id.*

Plaintiff alleges that in June 2021, she sent a request to Defendant Howard that only female officers perform pat down searches of her. *Id.* at 5. Plaintiff alleges that although Defendant Howard and other Defendants who met to address her request were aware of her medical and mental health records, her diagnosis, and her history, her request for a female-only pat search exception was inexplicably denied. *Id.* at 5–6. She alleges that more non-African American transgender prisoners have been approved for female-only pat searches in comparison to African American transgender prisoners, and that Defendants' denial of her request therefore constituted racial discrimination. *Id.* at 6. Upon screening, the Court determined that Plaintiff sufficiently stated an Eighth Amendment medical care claim in Count One and a Fifth Amendment Equal Protection claim in Count Two against Defendants and directed them to answer. (Doc. 14 at 6.)

On June 6, 2022, Plaintiff filed her Emergency Ex Parte Motion for TRO claiming that she is still being subject to male pat down searches. (Doc. 22.) She alleges that on May 31, 2022, male Officer Schwartzendruber subjected her to an unreasonable pat down search despite knowing that Plaintiff has gender dysphoria and that his search would cause her to suffer suicidal ideations. *Id.* at 2–3. Plaintiff alleges that after the search and her resulting injury, she notified her case manager, Defendant Mack, that she felt suicidal; Defendant Mack contacted the Psychology Department immediately, and Plaintiff was placed under extensive staff supervision and seen by psychology staff member Dr. Warner. *Id.* at 3. Plaintiff requests that the Court order Defendants to provide her with a Yellow Marked ID Card indicating female-only pat downs and visual searches, and to direct Defendants not

---

[4] CMA Sentry databased is the BOP Case Management Activity computer database.

to conduct male pat downs and visual searches. (Doc. 22 at 5.)

In her opposition, Defendant Tubb establishes that "[p]at searches of transgender inmates [are to] be conducted in accordance with" Program Statement 5521.06, *Searches of Housing Units, Inmates, and Inmate Work Areas*. (Doc. 29-2 at p. 2, ¶ 4.) Pursuant to Program Statement 5521.06, "[p]at search information refers only to individuals at male facilities who identify as female. The BOP does not offer 'male only' pat searches." *Id.* Program Statement 5521.06 further provides:

> For purposes of pat searching, inmates will be pat-searched in accordance with the gender of the institution, or housing assignment, in which they are assigned. Transgender inmates may request an exception. The exception must be pre-authorized by the Warden, after consultation with staff from Health Services, Psychology Services, Unit Management, and Correctional Services. Exceptions must be specifically described (e.g., 'pat search only by female staff'), clearly communicated to relevant staff through a memorandum, and reflected in SENTRY (or other Bureau database; e.g., posted picture file). Inmates should be provided a personal identifier (e.g., notation on commissary card, etc.) that indicates their individual exception, to be carried at all times and presented to staff prior to pat searches.

*Id.* at p. 3, ¶ 5. Additionally, Program Statement 5200.08 provides, in relevant part:

> Unless there is a history of inappropriate sexual behavior suggesting approval poses risks to staff, requests are ordinarily approved by the Warden's Office. Inmates may request denials be reviewed by the [Transgender Executive Committee (TEC)] through the Administrative Remedy Program. Inmates who are granted this exception under policy may have it reversed by the Warden if found to have violated institution rules concerning contraband. In exigent circumstances, any staff member may conduct a pat search of any inmate consistent with Program Statement 5521.06.

*Id.* at ¶ 6.

Defendant Tubb explains that in mid-May 2022, she chaired a meeting to discuss Plaintiff's request for a female-only pat down search exception. (Doc. 29 at 2.) Representatives from Correctional Services, Health Services, Psychology Services and Unit Management were in attendance. *Id.* Plaintiff's gender dysphoria diagnosis, compliance with hormone treatment medications and relevant security issues were

discussed. *Id*. The meeting participants unanimously recommended approving Plaintiff for a female-only pat search exception. (Doc. 29 at 2.)

On May 24, 2022, the Warden formally approved Plaintiff's female-only pat search exception. (Doc. 29-2 at p. 4, ¶ 11.) Plaintiff's name is recorded on an inmate detail list along with other transgender inmates who have been approved for a female-only pat search exception. *Id*. at 12. All staff at USP-Tucson are able to access the inmate detail list of inmates that have been approve for female-only pat search exceptions. *Id*. at ¶ 13. Each inmate who has been approved for a female-only pat search exception, including Plaintiff, is identified by yellow on their inmate identification card. *Id*.

## II. LEGAL STANDARD

### a. Preliminary Injunction Standard and the Prison Litigation Reform Act

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (12008) (citation omitted). "A preliminary injunction is 'an extraordinary remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazuek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain injunctive relief, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.[5] Where a plaintiff does not seek merely to preserve the status quo *pendente lite*, but instead seeks to compel a defendant to take affirmative action, the plaintiff's burden is even more demanding: she "must establish that the law and facts clearly favor her position, not simply that she is likely to succeed." *Garcia v. Google, Inc*., 786 F.3d 733, 740 (9th Cir. 2015). Such relief, granted even before the case is litigated, is

---

[5] Alternatively, a preliminary injunction may issue when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). The "serious questions" approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. *See All. for the Wild Rockies*, 632 F.3d at 1135. A plaintiff still must also satisfy the other *Winter* factors, including the likelihood of irreparable harm. *Id*.

"particularly disfavored." 786 F.3d at 740. The Prison Litigation Reform Act requires that any injunctive relief with respect to prison conditions be narrowly drawn and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *Gillmore v. California*, 220 F.3d 987, 998 (9th Cir. 2000).

### b. Mootness

Mootness is a threshold jurisdictional issue. *St. Paul Fire & Marne Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985). "Because Article III restricts federal court jurisdiction to actual cases and controversies, federal courts may not 'give opinions upon moot questions or abstract propositions.'" *Pinson v. Othon*, No. CV-20-00169-TUC-RM, 2020 WL 7404587, at *2 (D. Ariz. Dec. 17, 2020) (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996)). "A case that become moot at any point during the proceedings in 'no longer a case or controversy for purposes of Article III and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (citations and internal quotations omitted).

## III.   ANALYSIS

### a.   Plaintiff's Request for a Yellow marked ID Card is Moot

In her motion, Plaintiff requested an injunction requiring that the BOP provide her with a yellow identification card signifying that she is to receive female-only pat searches. (Doc. 22 at 5.) The records provided by Defendant Tubb establish that Plaintiff was provided with such a yellow identification card on May 24, 2022. (Doc. 29-2 at p. 4, ¶ 11 and p. 35.)[6] The Court thus finds Plaintiff's claim that she be provided a yellow identification card demonstrating that she has been granted a female-only pat search— received the specific relief requested in her Motion—exception is moot. *See Rosemere*

---

[6] In her reply, Plaintiff claims that she was only issued a yellow marked ID card because she filed her motion for TRO. (Doc. 23 at 2.) Plaintiff signed her request for a TRO on June 1, 2002 and her request was docketed on June 6, 2022. (Doc. 22.) However, the memorandum provided by Defendant Tubb establishes that Plaintiff's request for a yellow identification card was granted by the BOP on May 24, 2022. (Doc. 29-2 at 35.)

*Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, (9th Cir. 2009) ("[i]n general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court lacks the ability to grant effective relief, and the claim is moot") (internal quotation omitted); *Shabazz v. Giurbino*, No. 1:11-cv-01558-DAD-SAB (PC), 2017 WL 2671082, at *12 (E.D. Cal. June 21, 2017) (finding injunctive relief moot where the plaintiff had received a satisfactory form of the relief he requested); *Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because Munoz has been released from the SHU, we can no longer provide him the primary relief sought in his habeas corpus petition. Munoz's ... challenges to ... the conditions of confinement in the SHU are therefore moot, and must be dismissed."); *Rodriguez v. Moore*, No. 2:19-cv-0226-MCE-DMC-P, 2019 WL 2284892, at *1 (E.D. Cal. May 29, 2019), report and recommendation adopted, 2019 WL 3714510 (E.D. Cal. Aug. 7, 2019) ("Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.").

### b. The Exception to the Mootnesss Doctrine Does Not Apply

In her reply, Plaintiff acknowledges that she has been granted a female-only pat search exception and issued a yellow marked ID card. (Doc. 32.) She complains, however, that her yellow marked ID card "will be rendered insufficient and [she] will be forced to endure male pat searches which will reincline (*sic*) [her] back to a suicidal risk" because current BOP policy provides that in exigent circumstances any staff member may conduct a pat search of any inmate. *Id*. at 3-4. She claims that there have been "over 15 exigent circumstances […] and it is foreseen (*sic*) that USP-Tucson will undergo more, due to, the Monsoon season in Tucson, Arizona will knock out the security fence and power to the prison which is customary in this environment including inevitable violence[.]" *Id*. at 4. Plaintiff thus asserts that her case fits within the capable of repetition yet evading review exception to the mootness doctrine. *Id*. Plaintiff also expands the scope of her requested relief and asks the Court to "grant the [p]reliminary [i]njunction directing the Defendants

to amend their [p]olicy of cross gender pat searches (5200.08) […] stipulating that all transgenders medically diagnosed with Gender Dysphoria should automatically be granted a yellow card for female pat and visual searches <u>only</u> regardless of exigent circumstances and shall not be abridged due to it is a [m]edical need opposed than (*sic*) a reversable privelege (*sic*)." *Id*. at 9 (emphasis in original).

"The mootness exception for claims that are capable of repetition, yet evade review, 'is limited to extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiff will be subjected to the same action again.'" *Alvarez v. Hill*, 667 F.3d 1061, 1064 (quoting C.*F. ex rel Farnan v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 983 (9th Cir. 2011) (internal quotation marks, alternations omitted). The party asserting that the exception applies bears the burden of demonstrating both requirements are satisfied.

Assuming that the challenged denial of a yellow identification card is too short to be fully litigated, the Court finds that Plaintiff has failed to establish that there is a reasonable expectation that she will be subject to the same action again; namely, the denial of a yellow marked identification card. In her reply, Plaintiff focuses on the fact that she may be subjected to a male pat search in an exigent circumstance. (Doc. 32 at 5.) To the extent Plaintiff argues that absent an injunction she will still be subjected to male pat searches due to the prison's "exigent circumstances" policy, that is speculation, which is insufficient to support injunctive relief. If Plaintiff continues to be pat searched by male officers unnecessarily or under what she believes are pretextual circumstances, she may renew her Motion with supporting facts and evidence.

…

…

…

…

…

…

### IV. CONCLUSION

In denying Plaintiff's Motion for injunctive relief, the Court is not dismissing the action; Plaintiff's Eighth Amendment medical care claim and Fifth Amendment Equal Protection claim will continue to be litigated. For the foregoing reasons,

**IT IS HEREBY ORDERED DENYING AS MOOT** Plaintiff's Emergency Ex Parte Motion for TRO (Doc. 22).

Dated this 7th day of July, 2022.

_____
Honorable John C. Hinderaker
United States District Judge